**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **PIERRE A. "STONES" RENOIR,** | ) | **CASE NO. 7:21CV00057** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **JOSEPH R. BIDEN, ET AL.,** | ) | **By:  Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

Pierre A. Renoir, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 against the President of the United States, the Governor of Virginia, and "unknown parties," for general complaints Renoir has about his life in prison.  Because Renoir has not prepaid the requisite filing fee, the court assumes for purposes of this opinion that he is seeking to proceed in forma pauperis.  Upon review of the record, the court finds that the action must be summarily dismissed without prejudice.

All prisoner litigants suing government entities or officials are required to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account.  28 U.S.C. § 1915(b).  Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury."  Id. § 1915(g).

Renoir has brought such actions or appeals on three or more prior occasions.  See, e.g., Renoir v. Governor of Virginia, 755 F. Supp. 2d 82 (D.D.C. 2010) (dismissed under § 1915(g)); Renoir v. Davidson, No. 08-cv-333, 2008 WL 2944893, at *1 (E.D. Wisc. 2008) (noting accumulation of three "strikes"); Renoir v. Brown, No. 7:07-cv-00166, 2007 WL 1052477, at *1

(W.D. Va. 2007) ("Renoir has 'three strikes' under § 1915(g)."); Renoir v. Ray, 7:06-cv-00164, 2006 WL 840313 (W.D. Va. 2006) (dismissed under § 1915(g), with finding that allegations also did not state any actionable § 1983 claim); Renoir v. Wilson, No. 7:99-cv-00810 (W.D. Va. 1999) (dismissed as frivolous).  Accordingly, Renoir may proceed in forma pauperis (without prepayment of the filing fee) only if he states facts showing that he faces imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Renoir's allegations in the complaint are essentially a brief and conclusory list of general claim categories and legal conclusions:

> cruel and unusual punishment, denial of due process, denial of a fair trial, denial of an impartial tribunal, denial of a Writ of Habeas Corpus, denial of [the] right to practice religion, right to access to court denied and/or delayed, etc., ad nauseum, from June 3, 1996, to present. . . .

Compl. 1, ECF No. 1.  Renoir also states that he has been indigent for years, has no legal knowledge and no access to a law library, and "[j]ustice would be best served by hearing [his] § 1983" action.  Id.

Renoir's generalized list of possible constitutional violations, absent facts in support, does not state an actionable claim under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal citations and quotation marks omitted).  Renoir provides no facts about specific actions or omissions by the defendants, nor does he describe injuries that he has suffered, or is likely to suffer, as a result of any defendant's particular actions or omissions.  Based on this complete lack of factual matter, Renoir's complaint simply does not show imminent danger of any physical injury for purposes of the § 1915(g) exception.

2

Because the records reflect that Renoir has at least three "strikes" under § 1915(g) and he has not shown imminent danger of serious physical harm, the court denies Renoir the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g).  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Renoir.

**ENTER**:  This _29th_ day of January, 2021.

_____
Senior United States District Judge

3